UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10781-GAO

FORREST W. KING,
Plaintiff,

v.

WELLS FARGO HOME MORTGAGE, et al.,
Defendants.

OPINION AND ORDER
March 25, 2013

O'TOOLE, D.J.

Defendant Harmon Law Office, P.C. ("Harmon") moves to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Fed. R. Civ. P. The plaintiff's claims against this defendant arise out of Harmon's representation of clients Wells Fargo and U.S. Bank in connection with a real estate loan and mortgage, including representation in the present litigation and related foreclosure proceedings. The plaintiff brings claims against Harmon for declaratory relief (Count I), slander of title (Count III), fraud (Count IV), intentional misrepresentations (Count V), civil conspiracy (Count VI), intentional infliction of emotional distress (Count VII), and violations of the Fair Debt Collections Practices Act ("FDCPA") (Count VIII), the Massachusetts Civil Rights Act ("MCRA") (Count VIII), and Mass. Gen. Laws. ch. 93A (Count IX).

A complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepúlveda–Villarini v. Dep't. of Educ. of P.R., 628 F.3d 25, 29 (1st

Cir. 2010). In addition, allegations of fraud must be pled "with particularity." Fed. R. Civ. P.9(b). The Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009).

Harmon's argument that many of the claims are barred by an attorney's litigation privilege is too broad. While the privilege covers "statements made in the institution or conduct of litigation or in conferences and other communications preliminary to litigation," Encompass Ins. Co. of Mass. v. Giampa, 522 F. Supp. 2d 300, 308 (D. Mass. 2007), it does not appear to preclude liability for attorneys' "conduct in counseling and assisting their clients in business matters generally." Kurker v. Hill, 689 N.E.2d 833, 839 (Mass. App. 1998). The amended complaint alleges more than statements by Harmon lawyers, so the claims are not barred entirely by the privilege .

However, the several claims are inadequately pled for other reasons. The plaintiff is not entitled to seek declaratory relief against Harmon because Harmon has no interest in the property out of which arises any legal proposition that needs declaration.

Nor has the plaintiff adequately pled a claim for slander of title. To prove slander of title a plaintiff must establish that a defendant has intentionally published a false statement that harms the plaintiff's interests, knowing that the statement is false. CMI Assocs., LLC v. Regional Financing, Co., LLC, 775 F. Supp. 2d 281, 289 (D. Mass. 2011) (citing Dulgarian v. Stone, 652 N.E. 2d 603, 609 (Mass. 1995). In support of this claim, plaintiff alleges that the assignment of his mortgage through the "Bolduc Amendment," which was "fraudulently created, executed and publicized," was done in order to "fraudulently perpetuate purported legal ownership of plaintiff's loan to the courts of this commonwealth and on the public land records." (Compl. ¶

170.) The plaintiff has not pled any facts to establish how his interest in the property was harmed by this allegedly fraudulent assignment. He apparently retains legal title to the property, subject to the mortgage, and remains in possession of the property. The effect of the "Bolduc Amendment" was merely to change the identity of the effective mortgagee. Without alleging a consequential harm to his title, he has not alleged all the elements of the tort. Thus, these allegations do not raise a "plausible" claim for relief. Sepúlveda–Villarini, 628 F.3d at 29.

The plaintiff also alleges the defendants engaged in conduct for the primary purpose of "attempting to fraudulently create false evidence of legal ownership of Plaintiff's loan." (Compl. ¶ 186.) To this end, he alleges claims of fraud and intentional misrepresentations. Both counts rely on identical facts and allegations of misconduct, thus they can be analyzed together. Federal Rules of Civil Procedure Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Thus, a complaint for fraud must specify the "who, what, where, and when" of the allegedly false or fraudulent statements. Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996). Plaintiff has not alleged specific facts relating to specific false statements, his reliance on any of these statements, or damages he suffered as a result of these fraudulent acts. Instead the bulk of his allegations are that he was "duped" into seeking loan modifications based on "false statements and documents" made by the defendants. (Compl. ¶ 176 and 180.) Thus, the complaint fails to satisfy the heightened pleading requirement of Rule 9(b). Moreover, where there are multiple defendants whose participation in underlying events may differ, it is incumbent on a plaintiff to specify the particulars as to each defendant. Lumping these parties all together as "defendants," as the plaintiff does, is not sufficient.

The plaintiff also alleges that defendants engaged in a civil conspiracy to "intentionally and fraudulently conceal one or more assignments," "create false, invalid and inoperative legal documents," record these documents on public record, and present them as truthful to the courts. (Compl. ¶ 198.) Harmon's invocation of DesLauries v. Shea, 13 N.E.2d 932, 935 (Mass. 1938) is on point. As in that case, the plaintiff here has not alleged that any combination of defendants gave them a "peculiar power of coercion" over him. At best, he has alleged that the defendants were joint tortfeasors.

Harmon has also moved to dismiss the plaintiff's claim of intentional infliction of emotional distress. To succeed on this claim, plaintiff must allege "(1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress." O'Neil v. DiamlerChrysler Corp., 538 F. Supp. 2d 304, 320 (D. Mass. 2008) (quoting Sena v. Commonwealth, 629 N.E. 2d 986, 993 (1994). The facts alleged to not warrant a finding that Harmon's conduct was extreme and outrageous. The prospect of foreclosure is absolutely distressing, but intention to foreclose or participation in pre-foreclosure legal proceedings is not extreme or outrageous. See In re Mae, 460 B.R. 1, 4 (Bankr. D. Mass. 2011).

Further, the plaintiff's claim for violations of the Fair Debt Collection Practices Act must be dismissed. The plaintiff has not pleaded sufficient facts to demonstrate that defendant Harmon was acting as a debt collector as defined by the statute in its dealing with him. See 15 U.S.C. § 1692A(6). The act defines a "debt collector" as a person in any business "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts...." 15 U.S.C. § 1692a(6). See also Speleos v. BAC Home Loans Servicing,

4

L.P., 824 F. Supp. 2d 226 (D. Mass. 2011) (law firm engaged by bank to commence foreclosure proceeding is not a debt collector for FDCPA purposes, but rather protecting the client's security interest in the property). The fact that a written communication from Harmon stated that the firm was "attempting to collect a debt" does not, in these circumstances, help the plaintiff. The facts that are alleged in the complaint indicate that Harmon was representing Wells Fargo and U.S. Bank in foreclosure related litigation. On those facts, Harmon does not meet the statutory definition of a debt collector regulated by the statute. Harmon's statement does not alter that fact.

Finally, the plaintiff alleges violations of the Massachusetts Civil Rights Act ("MCRA") and unfair and deceptive practices in violation of Mass. Gen. Laws. ch. 93A (Count IX). The plaintiff does not allege facts to support his civil rights claim, but rather states that they are premised upon defendant's interference with his "right to own his home free from the fraud, misrepresentation(s) and unlawful claims of those without legal right to foreclose." (Compl. ¶ 194.) Further, plaintiff asserts a violation of ch. 93A for the allegations in the complaint and "failing and refusing to make a reasonable settlement offer." These claims are likewise inadequately plead and must be dismissed.

For the foregoing reasons, defendant's Motion (dkt. no. 20) to Dismiss is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge